**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-13-00131-CV

**IN THE INTEREST OF A.G.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01373
Honorable Richard Garcia, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Sandee Bryan Marion, Justice
           Marialyn Barnard, Justice
           Patricia O. Alvarez, Justice

Delivered and Filed:  August 28, 2013

AFFIRMED

Appellant Arthur S., father of A.G., appeals the trial court's order terminating his parental rights to A.G., a minor child.  On appeal, Arthur challenges the sufficiency of the evidence to support the termination of his rights and the appointment of the Texas Department of Family and Protective Services as A.G.'s managing conservator.  Because the evidence was sufficient to support the court's finding of a predicate ground for terminating Arthur's parental rights and that the termination was in A.G.'s best interest, we affirm the trial court's judgment.

### BACKGROUND

A.G. was born February 24, 2004.  Since that time, Arthur was charged and convicted of murder and charged with at least seven other criminal charges.  In June of 2012, the Texas Department of Family and Protective Services sought and received an emergency order for A.G.

The Department also filed a petition seeking to terminate Arthur's parental rights, as well as the parental rights of A.G.'s mother.

On February 8, 2013, a bench trial was conducted before the Honorable Richard Garcia. Arthur appeared by audio conference from the Connally Unit of the Texas Department of Criminal Justice. A.G.'s mother did not appear. After the hearing, the trial court signed an order terminating Arthur's parental rights based on findings that Arthur (1) knowingly placed or allowed A.G. to remain in conditions which endangered the physical or emotional well-being of A.G., (2) engaged in conduct or knowingly placed A.G. with persons who engaged in conduct which endangered the physical or emotional well-being of A.G., (3) constructively abandoned A.G., and (4) engaged in criminal conduct resulting in Arthur's conviction of an offense and imprisonment for not less than two years from the date of the filing of the petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (N), (Q) (West Supp. 2012). The trial court also determined parental termination would be in A.G.'s best interest. *See id.* § 161.001(2). After his parental rights were terminated, Arthur perfected this appeal.

## STANDARD OF REVIEW

Parental rights may be terminated only upon clear and convincing evidence the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code, and that termination is in the best interest of the child. *See id.* § 161.001(1), (2); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). "Clear and convincing evidence is 'the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In re J.O.A.*, 283 S.W.3d at 344 (quoting TEX. FAM. CODE ANN. § 101.007 (West 2008)).

In evaluating the evidence for legal sufficiency in parental termination cases, we examine "'all the evidence in the light most favorable to the finding to determine whether a reasonable trier

of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.O.A.*, 283 S.W.3d at 344 (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We must also "disregard all evidence that a reasonable fact-finder could have disbelieved or found to have been incredible." *In re J.F.C.*, 96 S.W.3d at 266.

When the evidence is challenged for factual sufficiency, we review the disputed or conflicting evidence. *In re J.O.A.*, 283 S.W.3d at 344; *In re J.F.C.*, 96 S.W.3d at 266. We afford due deference to the fact-finder's findings and will not supplant the reasonable fact-finder's judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). "'If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.'" *In re J.O.A.*, 283 S.W.3d at 345 (quoting *In re J.F.C.*, 96 S.W.3d at 266).

## CONDUCT ENDANGERING THE WELL BEING OF THE CHILD

We first address the trial court's termination of Arthur's parental rights to A.G. based on Arthur's conduct that endangered A.G.'s physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 161.001(1)(E). "Termination under subsection 161.001(1)(E) must be based on not just a single act or omission, but a voluntary, deliberate, and conscious course of conduct by the parent." *In re E.A.G.*, 373 S.W.3d 129, 142 (Tex. App.—San Antonio 2012, pet. denied). Moreover, the conduct in question need not be directed at the child and the child need not actually suffer injury. *Id.* The question of endangerment is viewed both by the parent's actions and the parent's failures to act. *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2005, no pet.). When weighing the well-being of the child, an appellate court should consider a parent's repeated criminal acts, including whether the parent's past conduct is suggestive that similar conduct will

occur if the child is returned to the parent. *In re D.J.H.*, 381 S.W.3d 606, 613 (Tex. App.—San Antonio 2012, no pet.).

Arthur testified that he was sentenced in 2007 to confinement for a term of eighteen years for the offense of murder. The deceased was A.G.'s grandfather and A.G.'s uncle was also shot and nearly died during the incident. Although not the shooter, Arthur was convicted under the law of parties. A.G's grandmother testified she heard Arthur instruct his friend to shoot her husband after he refused to release ten-month old A.G. into Arthur's custody. There is no question that A.G. was at the residence during the shooting. Arthur also admitted that since A.G.'s birth, he has been convicted of several other crimes, including burglary of a habitation, aggravated assault with a deadly weapon, criminal mischief, terroristic threats, and driving while intoxicated.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that the evidence is legally sufficient because the trial court could have formed a firm belief or conviction that Arthur engaged in conduct or knowingly placed A.G. in a situation that endangered A.G.'s physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 1161.001(1)(E); *In re J.O.A.*, 283 S.W.3d at 344. Reviewing the evidence for factual sufficiency, we conclude that a reasonable fact-finder could have resolved the disputed evidence to find that Arthur engaged in conduct endangering A.G.'s physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 1161.001(1)(E); *In re J.F.C.*, 96 S.W.3d at 266. Because we have concluded there is both legally and factually sufficient evidence to support a finding under section 161.001(1)(E), we do not address Arthur's remaining complaints regarding the sufficiency of the evidence under sections 161.001(1)(D), (N), and (Q). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (recognizing that a single predicate finding is sufficient to support termination that is in the child's best interest); *see also* TEX. R. APP. P. 47.1 (requiring opinions to address only those issues necessary to final disposition).

**BEST INTEREST OF THE CHILD**

Arthur also challenges the court's finding that terminating his parental rights is in A.G.'s best interest; he contends that the evidence "does not support" the finding.

We consider several factors "when determining whether termination of parental rights is in the best interest of the child." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). These include the statutory factors in section 263.307 of the Family Code, *id.* (citing TEX. FAM. CODE ANN. § 263.307 (West 2008)), as well as the common law factors described by the supreme court in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976)). These factors include:

(A)  the desires of the child;
(B)  the emotional and physical needs of the child now and in the future;
(C)  the emotional and physical danger to the child now and in the future;
(D)  the parental abilities of the individuals seeking custody;
(E)  the programs available to assist these individuals to promote the best interest of the child;
(F)  the plans for the child by these individuals or by the agency seeking custody;
(G)  the stability of the home or proposed placement;
(H)  the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I)  any excuse for the acts or omissions of the parent.

*Holley*, 544 S.W.2d at 372. These factors are not exhaustive; they need not all be proved as a condition precedent to termination and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Furthermore, although a parent's imprisonment is not automatic grounds for termination, it is a factor that courts may consider in determining the child's best interest. *See In re C.L.C.*, 119 S.W.3d 382, 399 (Tex. App.—Tyler 2003, no pet.); *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

At the time of the murder, A.G. was ten-months old. Since A.G.'s birth, Arthur acknowledges an extensive list of violent criminal behavior. We conclude that his conduct created

a dangerous and unstable environment for any child. A.G. neither knows Arthur nor has any type of relationship with him. He is not scheduled for release until 2024, and his first parole eligibility hearing is in 2015. Finally, during the hearing, A.G.'s grandmother testified that she wished to adopt eight year old A.G.

Having reviewed the record as a whole, we conclude the evidence is sufficient for the court to form a firm belief or conviction that terminating Arthur's parental rights was in A.G.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(2); *In re C.T.E.*, 95 S.W.3d at 466.

## CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's finding of a predicate ground for termination under Texas Family Code section 161.001(1) and that termination is in the best interest of the child under section 161.001(2), we affirm the trial court's order terminating Arthur's parental rights to A.G.

Patricia O. Alvarez, Justice